UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60063-MD/AOV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERIC WAYNE MORDON, JR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Frederic Wayne Mordon, Jr. *See* (ECF No. 18) (Order of Referral from District Judge). Having held the change of plea hearing on October 23, 2024, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1]

    1.    At the change of plea hearing, the undersigned advised Defendant that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from the District Judge. The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge. Defendant, his attorney, and the Assistant United States Attorney all consented to the undersigned conducting the change of plea hearing.

---

[1] This Report and Recommendation reiterates the Court's oral findings at the change of plea hearing. The audio recording of the proceeding is incorporated by reference.

2. The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3. After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to the Information, which charges him with: (i) kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1); and (ii) causing the death of a person in the course of a violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j)(1) (Count 2). The undersigned advised Defendant that the Court may impose: (i) a maximum penalty of death on each count; (ii) a minimum mandatory term of imprisonment of life on Count 1; (iii) a maximum term of supervised release of up five years on each count; (iv) a maximum fine of up to $250,000 on each count; and (v) a mandatory special assessment of $100 per count to be paid at the time of sentencing. Defendant was also advised that restitution is mandatory, pursuant to 18 U.S.C. § 3663A, and Defendant agreed to pay restitution to the victims for all losses related to Counts 1 and 2. The undersigned further discussed the mandatory forfeiture associated with Counts 1 and 2, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1), respectively. Defendant acknowledged that he understood the potential penalties in this case.

4. Additionally, Defendant was informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge. The undersigned specifically discussed Defendant's appeal waiver (in Paragraphs 14 and 15 of the Plea Agreement). Defendant acknowledged that he understood the waiver provisions and voluntarily agreed to waive his right to appeal his sentence, including any restitution and/or forfeiture orders.

5. To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. *See* (ECF No. 22) (Stipulated Factual Proffer). The Stipulated Factual Proffer was introduced as Government's Exhibit 2 and signed by Defendant and his counsel. *Id.* The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

6. The parties entered into a written plea agreement that was filed with the Court and introduced as Government's Exhibit 1. *See* (ECF No. 21) (Plea Agreement). The undersigned reviewed the terms of that Plea Agreement on the record, and Defendant acknowledged that he had reviewed the entire agreement with counsel before he voluntarily signed it. The Government has agreed not to seek the death penalty in this case. (ECF No. 15). Instead, the Government agreed to recommend to the District Judge that Defendant be sentenced to life sentences on each count of conviction, to run concurrently. The Government further agreed to recommend that the concurrent sentences imposed in Counts 1 and 2 in this case run concurrently with Defendant's sentence in *State of Florida v. Frederick W. Mordon, Jr.*, Broward County Circuit Court Case No. 160119435CF10A.

7. The undersigned questioned Defendant regarding the effectiveness of his counsel's representation. Defendant stated that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case, including the evidence against him, with his attorney. Defendant also stated that counsel has answered all his questions regarding the case.

8. Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Information in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offenses as charged.

10. A Pre-Sentence Investigation Report should be prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by separate order from the District Judge.

The parties have **14 days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge. Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2024); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on October 28, 2024.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Melissa Damian
  All Counsel of Record

4